JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN GONZALEZ,<br>Plaintiff,<br>v.<br>CITY OF INDIO, et al.,<br>Defendants. | No. ED CV 26-953 PA (E)<br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint ("FAC"), the records herein, the Report and Recommendation of United States Magistrate Judge ("R&R"), Plaintiff's Objections to the R&R, and Defendant County of Riverside's Opposition to Plaintiff's Objections. The Court has conducted a de novo review of those portions of the R&R to which Plaintiff objects. For the reasons stated in the R&R and as further explained below, the Court overrules Plaintiff's objections and accepts the R&R, subject to the clarifications set forth in this Order.

Plaintiff first objects to the R&R's conclusion that the FAC fails to state a Fourth Amendment claim based on the prolonged retention of his vehicle. Plaintiff does not challenge the lawfulness of the initial seizure. Instead, relying principally on Brewster v. Beck, 859 F.3d 1194 (9th Cir. 2017), Plaintiff contends that the continued retention became unreasonable after the justification for the seizure had dissipated.

The Court agrees that the continued pendency of the criminal prosecution, standing alone, does not necessarily establish that continued physical retention of the vehicle remained reasonable throughout the period of retention. The Fourth Amendment continues to govern after a lawful initial seizure, and "[a] seizure is justified under the Fourth Amendment only to the extent that the government's justification holds force." Id. at 1197. Nevertheless, the FAC does not allege facts permitting a reasonable inference that the governmental justification for retaining the vehicle had dissipated at any identifiable point before the vehicle was released on May 19, 2025.

The FAC alleges that forensic or investigative activity involving the vehicle was last documented on January 12, 2023, that Plaintiff was granted judicial diversion on April 4, 2025, and that the vehicle was released on May 19, 2025. But none of those events, without more, plausibly establishes that the vehicle had ceased to possess evidentiary significance in the pending criminal proceeding. The absence of additional forensic testing does not establish that physical evidence is no longer relevant or potentially necessary in a pending prosecution. Nor did the grant of diversion terminate the criminal proceeding. Under California Penal Code § 1001.95(d), the criminal proceedings could have been reinstated if Plaintiff failed to comply with the conditions of diversion. Finally, the eventual release of the vehicle before dismissal of the criminal charges establishes that the evidentiary justification for retaining the vehicle was not necessarily coextensive with the pendency of the prosecution, but it does not establish that the justification had dissipated at some earlier point. The FAC therefore does not plead sufficient facts to support a reasonable inference that Defendants continued to retain the vehicle after the governmental justification for doing so had dissipated. Plaintiff's first objection is overruled.

Plaintiff also objects to the R&R's citation to Maryland v. Buie, 494 U.S. 325, 330 (1990), for the proposition that law enforcement may seize a vehicle that is itself an instrumentality or evidence of a crime. The Court does not rely on Buie for that proposition. Buie concerned the circumstances permitting a protective sweep of premises incident to an arrest and does not affect the disposition here. Because Plaintiff does not challenge the

legality of the initial seizure, and because the Court's resolution of his prolonged-seizure claim rests on the principles governing continued retention stated in Brewster and related authorities, the citation does not alter the Court's conclusion.

Plaintiff next objects to the R&R's rejection of his procedural due process claim. Plaintiff contends that Hudson v. Palmer, 468 U.S. 517 (1984), is distinguishable because the alleged deprivation was not random or unauthorized, but instead resulted from a government-controlled evidence hold. The Court need not determine whether Hudson, standing alone, would resolve Plaintiff's claim. Even assuming that the continued retention resulted from an established governmental procedure, the FAC does not plausibly allege that Plaintiff was denied constitutionally adequate process.

Plaintiff knew that his vehicle had been seized and remained in governmental custody. California law provided a judicial mechanism through which he could seek its return. See Cal. Penal Code §§ 1536, 1540; Ensoniq Corp. v. Superior Court, 65 Cal. App. 4th 1537, 1547 (1998). The FAC does not allege that Plaintiff attempted to invoke that judicial procedure and was denied a meaningful opportunity to be heard, nor does it allege facts showing that the available judicial procedure was inadequate to permit him to challenge the continued retention of his vehicle. Moreover, once Plaintiff knew that his property had been seized, due process did not require Defendants to provide individualized notice explaining remedies available under generally accessible state statutes and case law. See City of West Covina v. Perkins, 525 U.S. 234, 240–41 (1999). Plaintiff's preference for additional procedures, including automatic periodic review of the evidence hold or an administrative hearing, does not plausibly establish that the judicial process available to him was constitutionally inadequate. Plaintiff's second objection is therefore overruled.

Plaintiff's remaining objections do not warrant rejection of the R&R. Although Plaintiff contends that he should receive another opportunity to amend because the FAC corrected the Rule 8 deficiencies previously identified by the Court, the relevant inquiry is whether further factual allegations could cure the deficiencies in the federal claims. Plaintiff's FAC provides a detailed chronology concerning the seizure, investigation,

evidence hold, diversion, and eventual release of the vehicle. His objections do not identify additional facts that could plausibly establish when the governmental justification for retaining the vehicle dissipated or why the judicial procedures available to challenge that retention were constitutionally inadequate. Further amendment therefore would be futile.

Plaintiff's objection concerning municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), likewise does not alter the result. Because the FAC fails to state an underlying Fourth or Fourteenth Amendment violation, the alleged municipal policy omissions cannot provide a basis for liability under § 1983. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Additionally, the FAC's allegations concerning failures to provide notice, review, oversight, preservation procedures, or procedures governing release of evidence do not allege a pattern of similar constitutional violations, prior incidents placing municipal policymakers on notice, or other nonconclusory facts plausibly establishing deliberate indifference and causation. See Connick v. Thompson, 563 U.S. 51, 61–63 (2011).

Finally, Plaintiff's objection concerning supplemental jurisdiction depends on the survival of at least one federal claim. Because the Court dismisses all claims over which it possesses original jurisdiction, and having considered judicial economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the remaining state-law claim. See 28 U.S.C. § 1367(c)(3).

Accordingly, Plaintiff's objections are OVERRULED. Subject to the clarifications stated in this Order, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

IT IS ORDERED that: (1) the Report and Recommendation is accepted and adopted as clarified by this Order; (2) the federal claims in the First Amended Complaint are dismissed without leave to amend and with prejudice; (3) any state-law claims in the First Amended Complaint are remanded to the Riverside County Superior Court, Case No. CVPS2507646; and (4) the Clerk shall immediately effect the remand and close this federal case.

IT IS FURTHER ORDERED that the Clerk serve a copy of this Order and the Magistrate Judge's Report and Recommendation on Plaintiff and on counsel for Defendants.

DATED: September 15, 2026

Percy Anderson
United States District Judge